**IN THE UNITED STATES DISTRÍCT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-cv-00922 RPM

Rebecca Arndt, Nicole Baldwin, Cathy Buckley, Stacey Clark, Donya Davis, Julie Garrett, Carolyn Graves, Samantha Lembergs, Jennifer Lewis, Geraldine Pring, Magdalena Santos, and Terry Thrumston,

    Plaintiffs,

v.

City of Colorado Springs,

    Defendant.

_____

**AMENDED PROTECTIVE ORDER
BETWEEN PLANTIFFS, THE CITY OF COLORADO SPRINGS AND HUMAN PERFORMANCE SYSTEMS, INC.**

_____

    This matter comes before the Court on the Unopposed Motion for Protective Order of Plaintiffs and Human Performance Systems, Inc. (hereafter HPSI) with regard to documents. HPSI, the City of Colorado Springs and the Plaintiffs have come to an agreement delineated in this Order. As HPSI is a party to this agreement and bound by the ORDER, the term "Party" as used herein includes HPSI. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

    1.    This Amended Protective Order shall apply to all documents produced this action.

    2.    As used in this Amended Protective Order, "document" is defined as provided in Fed. R, Civ. P. 34(a) and also to include depositions taken in Civil Action

No. 11-cv-00922.  A draft or non-identical copy is a separate document within the meaning of this term.

  3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as, but not limited to: personal, medical, financial information, or other information implicating privacy interests, such as information HPSI expressly advised third parties would be kept confidential; trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); or operations or business information implicating public safety not generally known to the public.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and El Paso County District Court Action No. 16cv33246.

  4. Any information to be designated by a Party as CONFIDENTIAL must first be reviewed by a lawyer and be determined to be subject to protection as confidential under the terms of this Amended Protective Order, as described in paragraph 3, above, before being marked CONFIDENTIAL.  The Party designating the Information as CONFIDENTIAL shall prepare a log identifying by Bates Number each document designated as CONFIDENTAL and stating by Bates Number the following: the specific basis or bases relied on by the Party for designating the information CONFIDENTIAL.  The required "confidentiality log" shall accompany the production of any information designated CONFIDENTIAL.

5. "FOR ATTORNEY EYES ONLY" shall be information that includes officer identifying information.

6. CONFIDENTIAL and FOR ATTORNEYS EYES ONLY documents, materials, and/or information shall be used solely for the purpose of this action and El Paso County District Court Action No. 16cv33246, and shall not, without the consent of the Party who originally produced it, or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that CONFIDENTIAL information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives;

(d) expert witnesses and consultants retained in connection with this proceeding, their employees or agents assisting them, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case or El Paso County District Court Action No. 16cv33246;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

7.      "FOR ATTORNEY EYES ONLY" information may be disclosed only to any persons that fall within categories (a), (b), (d) (e), (f) and (h), above.

8.      Prior to disclosing any CONFIDENTIAL or FOR ATTORNEY EYES ONLY information to any person listed above (other than counsel, including counsel for the City of Colorado Springs, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with, a copy of this Amended Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A.  All such written assurances shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

9.      Documents are designated as CONFIDENTTAL or FOR ATTORNEY EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY."

10.     In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY in a written communication or in an electronic mail message to the non-producing party.

11.     Any party who inadvertently fails to identify documents or information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall, promptly upon discovery of its

oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

      12.    Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 calendar days of receiving such a written request.

      13.    Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.  Prior to disclosure at trial or a hearing regarding CONFIDENTIAL or FOR ATTORNEY EYES ONLY information, the parties may seek further protections against public disclosure from the Court.

      14.    Whenever a deposition involves the disclosure of CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY, the portions thereof that involve the disclosure of CONFIDENTIAL or FOR ATTORNEY EYES ONLY information shall be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY and shall be subject to the provisions of this Amended Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL or FOR ATTORNEY EYES ONLY after

transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

15.   A Party may object to the designation of particular CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties will work to resolve any objections to the designations of disputed information. If any objection is not resolved within ten (10) business days after the time the notice is received, the Party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall, on the eleventh business day after receipt of the notice of objections, be required to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Protective Order. The disputed information shall be treated as CONFIDENTIAL or FOR ATTORNËY EYES ONLY under the terms of this Amended Protective Order until the Court rules on the dispute. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall bear no burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL or FOR ATTORNEY EYES ONLY under the terms of this Amended Protective Order.

16. Within sixty (60) days of the conclusion of this case and El Paso County District Court Action No. 16cv33246, unless other arrangements are agreed upon, each document and all copies thereof which are confidential as described in paragraph 1 shall be destroyed or returned to the Party that produced it.

17. Non Plaintiff Officer's names shall be redacted from those documents where the officer's name is associated with private information such as test scores.

18. This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 6th day of November, 2017.

BY THE COURT

s/Richard P. Matsch

Honorable Judge Richard P. Matsch

## EXHÍBIT A
## WRITTEN ASSURANCE

I _____,declare:
   (printed name)

I reside at _____.
   (street address, city, state, and zip code)

I am currently employed by _____, located At _____, and my current job title is _____.

I have read and I understand the terms of the Amended Protective Order filed in Civil Action No. 15-cv-00922 RPM-MJW, Arndt, et al., v. City of Colorado Springs, pending in the United States District Court for the District of Colorado (the "Amended Protective Order").  I agree to comply with and be bound by the provisions of the Amended Protective Order. I understand that any violation of the Amended Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY" pursuant to the Amended Protective Order or the contents of such documents, to any person other than those specifically authorized by the Amended Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Amended Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Amended Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:_____        _____
                (Date)                                                            (Signature)

Approved as to form:

s/Donna Dell'Olio
Donna Dell'Olio
Ian D. Kalmanowitz
Bradley J. Sherman
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
PHONE (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
ikalmanowitz@cornishanddellolio.com
bsherman@cornishanddellolio.com
Attorneys for Plaintiffs

s/David D. Powell, Jr.
David D. Powell, Jr.
Stephen B. Rotter
Austin E. Smith
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1700 Lincoln Street, Suite 4650
Denver, CO 80203
Telephone:  303-764-6800
Facsimile:  303-831-9246
david.powell@ogletreedeakins.com
stephen.rotter@ogletreedeakins.com
austin.smith@ogletreedeakins.com

s/Christie McCall
Christie McCall, Senior Atty-
Employment
Tracy Lessig, Division Chief-
Employment
City of Colorado Springs
P. O. Box 1575, Mail Code 510
Colorado Springs, CO 80901
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
Email: cmccall@springsgov.com
tlessig@springsgov.com
Attorneys for Defendant

s/Marilyn B. Doig
Marilyn B. Doig
Dewhirst & Dolven, LLC
102 S. Tejon, Suite 500
Colorado Springs, CO 80903
Telephone:  (719) 520-1421
Facsimile: (9719) 633-3387
mdoig@dewhirstdolven.com
Attorney for Human Performance
Systems, Inc.